STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

*In re*: A.B.

No. 16-1103 (Barbour County 16-JA-26)

**FILED**

**June 9, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Mother L.P., by counsel G. Phillip Davis, appeals the Circuit Court of Barbour County's October 19, 2016, order terminating her parental rights to A.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Allison C. Iapalucci, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motions for an improvement period and in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2016, the DHHR filed an abuse and neglect petition that alleged petitioner abused the child by operating a motor vehicle under the influence of drugs and alcohol, during which she was involved in an accident, with the child in the car. Further, the DHHR alleged that, as a result of petitioner's failure to properly restrain the child, the child suffered serious injuries during the accident, including a skull fracture, a deep laceration to the chin, and had glass embedded above one eye. The petition further alleged that petitioner tested positive for alcohol, benzodiazepines, and methamphetamine upon her arrival at the hospital. According to the DHHR, petitioner admitted to abusing methamphetamine. The petition also alleged that petitioner caused the child to be truant from school.

In August of 2016, petitioner filed a written stipulation to having abused an illegal substance and been involved in a car accident. Petitioner testified to her substance abuse and admitted that she spent $100 every two days to support her addiction to methamphetamine,

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

which she administered intravenously. The circuit court questioned petitioner regarding the source of her drugs, but petitioner refused to provide the circuit court with that information. Based on her admissions, the circuit court adjudicated petitioner as abusing and neglecting the child. Petitioner thereafter moved for a post-adjudicatory improvement period, which the circuit court denied.

In October of 2016, the circuit court held a dispositional hearing, during which petitioner again moved for an improvement period. The circuit court denied the motion upon findings that petitioner failed to participate in drug testing or attend multidisciplinary team ("MDT") meetings, as ordered. The circuit court further found there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect and that termination of her parental rights was necessary for the child's welfare. The circuit court then terminated petitioner's parental rights.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's denial of petitioner's motions for improvement periods or in its termination of her parental rights.

First, petitioner alleges that the circuit court erred in denying her an improvement period based upon her refusal to identify the individual who sold her drugs. According to petitioner, despite the confidential nature of abuse and neglect proceedings, her safety could have been threatened by identifying the source of her drugs. Accordingly, petitioner argues that it was error to deny her an improvement period based on her refusal to provide this information. We do not agree, as petitioner's argument ignores the fact that she failed to meet the burden for obtaining an

---

[2]Petitioner's parental rights to the child were terminated below, while the child's father voluntarily relinquished his parental rights. According to the DHHR and the guardian, the child remains in the home of her grandmother with a permanency plan of adoption in the home.

improvement period. Petitioner further ignores the fact that the circuit court had ample evidence, beyond her refusal to name her drug dealer, upon which to deny her motions.

Pursuant to West Virginia Code § 49-4-610(2)(B), a circuit court may grant a post-adjudicatory improvement period when "[t]he [parent] demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . ." Here, petitioner failed to satisfy this burden. As the circuit court found in its dispositional order, petitioner failed to comply with its orders to participate in drug testing and MDT meetings. Moreover, the circuit court found petitioner's explanation that she did not know she was required to participate in these services to be incredulous, given that it had earlier explicitly directed her to comply with these services. Simply put, petitioner provided no evidence to excuse her failure to participate in drug testing and MDT meetings and she further failed to establish that she was likely to fully participate in an improvement period. Based upon petitioner's failure to participate in services, it is clear that the circuit court did not abuse its discretion in denying her motions for a post-adjudicatory improvement period. Further, contrary to petitioner's argument on appeal, her refusal to identify the source of her drugs was not the sole basis for the circuit court's decision. As such, we find no error on the circuit court's denial of petitioner's motions.

Next, petitioner argues that the circuit court erred in failing to impose a less-restrictive dispositional alternative, such as an improvement period. We do not agree. In terminating petitioner's parental rights, the circuit court specifically found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect in the near future. Pursuant to West Virginia Code § 49-4-604(c)(1), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person or persons have not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning . . . .

Based upon the evidence presented below, petitioner had ongoing substance abuse issues that began prior to the proceedings and persisted throughout. Moreover, petitioner's substance abuse resulted in serious injury to the child at issue. Despite petitioner's admissions regarding her ongoing substance abuse, she failed to participate in basic services designed to remedy the conditions of abuse and neglect, such as drug screens and attending MDT meetings. For these reasons, we find no error in the circuit court's finding that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect in the near future.

The circuit court further found that termination of petitioner's parental rights was necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate a parent's parental rights upon such findings. Moreover, we have previously held that

3

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). As such, it is clear that the circuit court did not err in terminating petitioner's parental rights.

Petitioner additionally argues that termination of her parental rights was erroneous because the circuit court's summary dismissal of her renewed motion for a post-adjudicatory improvement period denied her a meaningful opportunity to be heard at the dispositional hearing. We do not agree. While it is true that West Virginia Code § 49-4-604(a) provides parents in abuse and neglect cases the right to be heard at disposition, it does not guarantee a parent the right to present evidence on a renewed motion. The record is clear that the circuit court previously denied petitioner's motion for a post-adjudicatory improvement period and was under no duty to entertain the motion anew. There is similarly no evidence in the record that petitioner was prevented from testifying on her own behalf or presenting or cross-examining any witnesses in support of her position regarding disposition. As such, we find that the circuit court complied with the requirement that petitioner have an opportunity to be heard at disposition.

We similarly find no merit to petitioner's argument that the circuit court could not proceed to disposition because the DHHR failed to provide a disclosure pursuant to Rule 30 of the Rules of Procedure for Child Abuse and Neglect Proceedings, which requires that

[a]t least five (5) judicial days prior to the disposition hearing, each party shall provide the other parties, persons entitled to notice and the right to be heard, and the court a list of possible witnesses, with a brief summary of the testimony to be presented at the disposition hearing, and a list of issues of law and fact. Parties shall have a continuing obligation to update information until the time of the disposition hearing.

According to the DHHR, it did not present any witnesses at disposition.[3] Accordingly, we find no error in the DHHR's failure to provide petitioner with a disclosure of its potential witnesses.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 19, 2016, order is hereby affirmed.

Affirmed.

---

[3]Petitioner failed to include a transcript of the dispositional hearing in her appendix on appeal to this Court.

**ISSUED**:  June 9, 2017


**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker